IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-01757-WDM-CBS

DELORES CAMPBELL,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation,,

    Defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Miller, J.

This case is before me on the motion for summary judgment (doc no 38) filed by Defendant Allstate Insurance Company ("Allstate") and the motion for partial summary judgment (doc no 35) filed by Plaintiff. After review of the parties' written arguments and tendered evidence, I conclude oral argument is not required. For the reasons that follow, Allstate's motion is granted and Plaintiff's motion is denied.

### Factual Background

This action is based on the now-repealed Colorado Auto Accident Reparations Act ("CAARA" or the "No Fault Act"), C.R.S. §§ 10-4-701 to 10-4-726 (2002)[1]. Plaintiff alleges that Allstate, her insurer, failed to offer her enhanced or additional Personal Injury Protection ("PIP") coverage as required by CAARA and now seeks to reform her policy to include such benefits.

---

[1] All references are to the 2002 version of the statute unless otherwise noted.

Plaintiff purchased her policy from an Allstate agent in October 1999.  Around that time, she signed a Colorado PIP Disclosure Form, which outlined the basic and enhanced PIP options available to her.  The Disclosure Form provided that "[Allstate] also offers various additional PIP options which provide increased coverage for Medical Expenses, Work Loss and Essential Services" and contained a chart setting forth the eight options for enhanced PIP benefits.  Plaintiff does not dispute that her signature appears on the Disclosure Form.  Plaintiff then received a copy of her policy, which included a section on "ADDITIONAL PERSONAL INJURY PROTECTION" and set forth the eight different types of enhanced PIP coverage available.  The policy provided that Allstate would pay basic and additional PIP benefits to an "injured person" in accordance with CAARA.  The policy defined "injured person" for enhanced PIP benefits as "you or a resident relative who sustains bodily injury . . . ."  However, the policy does not contain any exclusions for pedestrians or non-resident passengers and Allstate's claims practice since 1998 has been to pay PIP benefits to pedestrians and non-resident passengers as required by CAARA.

Allstate also mailed a policy renewal package to Plaintiff in September 2001, which contained Form X67009. The form is entitled "Important Notice - A Reminder for You" and recites: "We want to make sure you know that Allstate offers options to purchase Additional Personal Injury Protection (PIP) benefits on your Allstate auto policy. . . . The average price associated with purchasing Additional PIP options is around $77*. . . . There are eight separate coverage options that are available to choose from."  The information includes an explanation of the advantages of purchasing enhanced benefits.  The form

2

refers the customer to the descriptions of the options contained in the policy and directs the customer to contact an agent or a main customer service telephone number for questions. Plaintiff does not dispute that she received this form. Plaintiff also does not dispute that she received another form, sent to her in October 1999, September 2001, and March 2002, which included the statement, "Optional personal injury protection coverages are also available." Plaintiff was involved in an automobile accident on June 27, 2002 and received benefits under her basic PIP policy. Plaintiff filed this action asserting the following claims: (1) declaratory relief/reformation, seeking to reform the policy to include enhanced PIP benefits because of Allstate's alleged failure to properly offer such benefits in compliance with CAARA; (2) breach of insurance contract for failing to pay enhanced PIP benefits; (3) willful and wanton statutory bad faith, for failing to pay enhanced PIP benefits within 30 days; (4) common law bad faith, for failing to pay enhanced PIP benefits.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the

nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

Allstate moves for summary judgment, arguing that the undisputed facts demonstrate that it made several offers to Plaintiff for the purchase of additional PIP coverage and therefore complied with CAARA. Plaintiff seeks partial summary judgment on the threshold issue of whether Allstate's policy complied with CAARA.

1. <u>Requirements of CAARA</u>

Prior to its repeal, CAARA required auto insurers to offer optional additional PIP benefits to their customers when issuing an auto insurance policy. Specifically, the following provisions required that:

> (2)(a) Every insurer shall offer the following enhanced benefits for inclusion in a complying policy, in addition to the basic coverages described in section 10-4-706 (basic PIP protection), at the option of the named insured:
> (I) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitation; or
> (II) Compensation of all expenses of the type described in section 10-4-706(1)(b) [medical treatment] without dollar or time limitations and payment of benefits equivalent to eighty-five percent of loss of gross income per week from work the injured person would have performed had such injured person not been injured during the period commencing on the day after the date of the accident without dollar or time limitations.
> (b) A complying policy may provide that all benefits set forth in section 10-4-706(1)(b) to (1)(e) and in this section are subject to an aggregate limit of two hundred thousand dollars payable on account of injury to or death of any one person as a result of any one accident arising out of the use or operation of a motor vehicle.

C.R.S. § 10-4-710.

In general, under Colorado law, whether an insurer has discharged this duty is determined by examining if the offer is "reasonably calculated to permit the potential purchaser to make an informed decision on whether to purchase" the additional coverage. *Allstate Ins. Co. v. Parfrey*, 830 P.2d 905, 913 (Colo. 1992) (interpreting provisions governing UM/UIM coverage). This includes such factors as "the clarity with which the purpose of [the optional coverage] was explained to the insured, whether the explanation was made orally or in writing, the specificity of the options made known to the insured, the price at which the different levels of [optional] coverage could be purchased, and any other circumstances bearing on the adequacy and clarity of the notification and offer." *Id.*

Under Colorado law, the remedy for an insurance company's failure properly to offer enhanced PIP benefits is for the court to reform the subject policy such that "additional coverage in conformity with the offer mandated by statute will be incorporated into the policy . . . ." *Brennan v. Farmers Alliance Mutual Insurance Co.*, 961 P.2d 550, 554 (Colo. App. 1998).

2. <u>Allstate's Offer of Enhanced PIP Benefits</u>

I conclude that Allstate's several offers of additional PIP coverage satisfied the requirements of C.R.S. § 10-4-710. Allstate offered eight options for enhanced PIP benefits, designated VB01 to VB08. Option VB01 provided benefits for medical expenses and work loss coverage compliant with C.R.S. § 10-4-710 (2)(a)(II). Option VB02 provided benefits for medical expenses compliant with C.R.S. § 10-4-710 (2)(a)(I). The Colorado PIP Disclosure Form, signed by Plaintiff, explains these coverages in writing in a manner

sufficient to permit Plaintiff to make an informed decision on whether to purchase the enhanced coverage. This offer was then repeated several times with the information contained in Plaintiff's policy and in Form X67009.

Plaintiff argues, however, that the offer was not sufficient because the underlying PIP policy extends only to named insureds and resident relatives in violation of CAARA, which requires that PIP benefits also cover pedestrian and guest occupants. *See Brennan*, 961 P.2d at 553-54; C.R.S. § 10-4-707(1) (2002). I disagree. The policy itself sets forth that Allstate would pay basic and additional PIP benefits to an "injured person" in accordance with CAARA, which includes all those protected by the statute. Plaintiff has presented no evidence that Allstate in fact has not done so. Moreover, I agree with the reasoning of my colleague Judge Blackburn, who interpreted the identical Allstate policy and language in *Hill v. Allstate Ins. Co.*, 2006 WL 229202 (No. 04-cv-00865-REB-CBS, Jan. 24, 2006) and noted that nothing in CAARA requires that the types of persons covered be specified in an offer of enhanced PIP coverage. *See Hill* at *6. Unlike the policies in *Brennan* and *Clark v. State Farm Mutual Automobile Ins. Co.*, 319 F.3d 1234 (10th Cir. 2003) and *Clark v. State Farm Mutual Automobile Ins. Co.*, 433 F.3d 703 (10th Cir. 2005), which contained specific policy <u>exclusions</u> concerning pedestrians, the policy here is silent on the question of coverage to injured persons other than those listed. Accordingly, I do not agree that the policy itself did not comply with CAARA.[2]

---

[2]I disagree with Plaintiff that *Clark* line of cases mandate a different outcome. Those cases involved a claim by a pedestrian seeking to reform a policy so as to remove an express exclusion on benefits to pedestrians, which is not the issue in this case. Moreover, even if the policy did not include pedestrians and others covered under CAARA, Plaintiff does not have standing to challenge the deficiency. It is

Plaintiff further argues that the policy was not compliant because the policy capped enhanced benefits at $50,000. Allstate's Disclosure Form clearly sets forth that there was a "$200,000 aggregate limit for PIP and Additional PIP" benefits, which is permitted by CAARA. However, the evidence Plaintiff offers to dispute this is a reference to Plaintiff's policy declarations, which limits Plaintiff's basic PIP benefits to $50,000. This evidence is irrelevant, however, since Plaintiff did not elect enhanced coverage and so the aggregate limits on basic and additional PIP would not have appeared on her policy declarations. This is insufficient to create a genuine issue of fact as to whether Allstate's aggregate limits on basic and enhanced benefits were below the statutory minimum.

3. Remaining Claims

Allstate argues that Plaintiff's other claims all rest upon a finding that the policy should be reformed to include enhanced PIP benefits. I agree. Since reformation is not appropriate, these claims also fail as a matter of law.

Plaintiff's motion for partial summary judgment is based upon the same facts, arguments and considerations and is therefore denied for the same reasons.

Accordingly, it is ordered:

1. Allstate's motion for summary judgment (doc no 38) is granted and this case is dismissed with prejudice.

---

undisputed that Plaintiff was not a passenger or pedestrian and so there is no causal connection between her claimed injury and the alleged defect in the policy. Unlike the plaintiff in *Clark,* reformation of the policy to include benefits for pedestrians and passengers would not redress Plaintiff's alleged injury. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992) (standing requires, *inter alia*, a causal connection between the injury and the conduct complained of).

2. Plaintiff's motion for partial summary judgment (doc no 35) is denied.

DATED at Denver, Colorado, on February 14, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge